UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MALIK HOLLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-00322-JAW |
| ) | |
| MATTHEW MAGNUSSON, ) | |
| Warden, Maine State Prison, ) | |
| ) | |
| Respondent. ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On July 10, 2019, Malik Hollis filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. *Pet. Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody* (ECF No. 1) (*Pet.*). The Magistrate Judge ordered the Attorney General for the State of Maine to answer Mr. Hollis' Petition on July 11, 2019. *Order to Answer* (ECF No. 2). The Attorney General answered on July 26, 2019. *Resp.'s Answer to the Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254* (ECF No. 3). On August 26, 2019, Mr. Hollis replied to the Attorney General's Answer. *Pet.'s Reply to Resp.'s Answer to the Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. sec. 2254* (ECF No. 5) (*Pet.'s Reply*). On December 6, 2019, the Magistrate Judge issued a recommended decision recommending that the Court deny Mr. Hollis' Petition. *Recommended Decision on 28 U.S.C. § 2254 Pet.* at 1 (ECF No. 5) (*Recommended Decision*). On December 20, 2019, Mr. Hollis objected to the Magistrate Judge's recommended decision. *Pet.'s Obj. to Magistrate's Recommended Decision on 28 U.S.C. Sec. 2254 Pet.* (ECF No. 7) (*Pet.'s*

*Obj.*). On December 26, 2019, the Attorney General emailed the Clerk of Court to indicate that he would not respond to Mr. Hollis' Objection.

In his objection, Mr. Hollis clarifies that he is not objecting to the Magistrate Judge's rendition of the facts and legal standards. *Pet'r's Obj.* at 1. He is arguing instead that the "prosecutor's explanation that she excluded the lone black juror due to his level of education is contradicted by the fact that she also excluded jurors with college-level educations." *Id.* at 1-2. Mr. Hollis alleges that the state prosecutor's "subsequent explanation that she excluded college-level potential jurors because the jurors 'all had records of some sort' is not supported by the record and is not supported by reality; not all of the college-educated jurors 'had records of some sort.'" *Id.* at 2. He charges that the "assertions made about 'all' of the college-educated jurors having 'records of some sort' is simply false." *Id.* Thus, he argues, the "exclusion of Juror 71 (the sole black person in the jury pool) was blatantly pretextual." *Id.*

The Magistrate Judge did not expressly rule on Mr. Hollis' objection that the State's explanation that jurors with higher education levels than Juror 71 were stricken due to their criminal records was pretextual. *Pet.'s Obj.* at 1-2. However, that issue was before the Law Court when it made its determination that "the State's jury selection strategy favored jurors with more education." *State v. Hollis*, 2018 ME 94, ¶ 15, 189 A.3d 244; *see also* Br. of the Appellant Malik B. Hollis at 20-22, 27, *Hollis*, 2018 ME 94 (No. AND-17-464). The Magistrate Judge adopted this finding of the Law Court. *Recommended Decision* at 11 and n.8 (finding that "[t]he state court supportably found that education level was a consideration in the State's overall jury

selection strategy" and stating that "[t]he Law Court determined that particularly in the context of the Petitioner's self-defense argument, the State's 'proffered strategy was not unreasonable'" (quoting *Hollis*, 2018 ME 94 at ¶ 15, n.4)). The Court thus regards this argument by Mr. Hollis as resolved by the Magistrate Judge's Recommended Decision, particularly because Mr. Hollis referred the Magistrate Judge to the pleadings at the state court level "for a more detailed analysis" of, among other things, this particular issue. *Pet.'s Reply* at 3.

As Mr. Hollis nevertheless contends that the Magistrate Judge failed to address this argument, the Court expands on the analysis of the Magistrate Judge to explicitly address this point. During the proceedings at the state of Maine Superior Court in response to Mr. Hollis' motion for judgment of acquittal, defense counsel submitted information to the Superior Court, which the Superior Court accepted as evidence. *See* Decision and Order at 1-2, *State v. Hollis* (No. CR-2016-01677) (Me. Super. Ct. Androscoggin Cty.). The record contains the following "analysis of the state's peremptory challenges": [1]

| Juror Number | Occupation | Education Level |
| --- | --- | --- |
| Juror # 158 | Electronics mechanic | 12 driving record |
| Juror # 101 | Athletic trainer | 16 crim |
| Juror # 70 | Mechanic | 12 crim hx |
| Juror # 47 | Mechanic | 12 crim hx |
| Juror # 108 | N/L | 14 crim + DR |
| Juror # 71 | Cook | 11 * |
| Juror # | | [N/A] no neg. factors |
| Juror # | | 12 no neg. factors |

---

[1] The notations to the right of the stricken jurors' education levels, which were made by hand in the state court record, are those of the Justice of the Androscoggin County Superior Court. *See id.* at 5.

3

Juror # (alternate)                                    12 no neg. factors

The same document contains an analysis of the ultimate makeup of the jury:

| Juror # 152 | Homemaker | 12 |
| Juror # 31 | Special Ed Tech | 16 |
| Juror # 23 | Maintenance | 12 |
| Juror # 104 | Librarian | 18 |
| Juror # 38 | Quality Control | 12 |
| Juror # 1 | Retired | 16 |
| Juror # 109 | Teacher | 18 |
| Juror # 150 | Sanitation | 12 |
| Juror # 57 | Secretary | 14 |
| Juror # 134 | Teacher | 16 |
| Juror # 35 | Truck Driver | 12 |
| Juror # 99 | Pre-K Teacher | 16 |
| Juror # 113 | Baker/Cashier | 12 |
| Juror # 59 | Project | 13 |

The Court makes the following observations. First, the composition of the selected jury buttresses the state prosecutor's claim that after she eliminated potential jurors with criminal records, she was seeking jurors with a higher level of education because the issue of self-defense, a central issue in the trial, can be complicated as a matter of law and fact. Each of the selected jurors had at least a high school education and eight of the fourteen had post-secondary educations of which six had college or post-graduate degrees. Therefore, this is not a case where the proffered explanation by the state prosecutor is not reflected in the final composition of the jury. Furthermore, as the Magistrate Judge noted, the Maine Supreme Judicial Court wrote that in the context of Mr. Hollis' self-defense argument, "the State's 'proffered strategy was not unreasonable.'" *Recommended Decision* at 11 n.8 (quoting *Hollis*, 2018 ME 94, ¶ 15 n.4).

Second, the sequencing of the state's peremptory challenges suggests that the state prosecutor's primary concern was to strike those individuals with a criminal record. Thus, for her first five peremptory challenges, the state prosecutor eliminated those with criminal or driving records. Next, she struck Juror # 71, the sole black juror, because, she says, he had not graduated from high school. *See* Jury Selection Tr. at 77, *State v. Hollis* (No. CR-2016-01677) (Me. Super. Ct. Androscoggin Cty.).[2]

Although Mr. Hollis concentrates his argument on the prosecutor's peremptory challenges of the next two jurors, *see* Br. of the Appellant Malik B. Hollis at 20-22, 27, *Hollis*, 2018 ME 94 (No. AND-17-464), the evidence in this record does not support Mr. Hollis' argument about these last two peremptory challenges. Mr. Hollis points out that they both had high school educations, but by that time in the selection process, the jury pool had narrowed considerably. The state procedure was to pick the regular jurors from the first twenty-eight jurors called and to select the alternatives from the last four jurors called. *See Jury Selection Tr.* at 76, *State v. Hollis* (No. CR-2016-01677) (Me. Super. Ct. Androscoggin Cty.).

By the time the state prosecutor had come to her last two peremptory challenges, (right after Juror # 71), the entire jury pool consisted only of jurors with at least a high school education. In addition to the jurors who were ultimately seated, each of whom had at least a high school education, the only remaining potential jurors out of twenty-eight jurors originally called were Jurors 42, 73, 11, and 55. As it turns

---

[2] The State Court record contains two jury selection transcripts, both of which have been consecutively paginated by hand. To avoid confusion, the Court's references to page numbers in the jury selection transcripts are to these hand-written numbers.

5

out, each of the remaining potential regular jurors had at least a high school education: Juror # 42 (16), Juror # 73 (12), Juror # 11 (12), and Juror # 55 (14).[3] Accordingly, after the state prosecutor struck Juror # 71, the fact she then struck two jurors with at least a high school education proves nothing because only jurors with at least a high school education remained in the jury pool. In point of fact, Juror # 71 was the only juror in the entire pool of thirty-two potential jurors and alternates who did not have a high school education.

This is not therefore a situation where the prosecutor struck an African-American juror, claiming it was because of his lack of education, and then did not strike white jurors with the same level of education. Nor was it, as Mr. Hollis suggests, a situation where the state prosecutor selectively struck white jurors with prior records. From the record before the Court, each of the state prosecutor's first five peremptory challenges had either a driving or criminal record and the state prosecutor struck those jurors regardless of their level of education. There is no evidence that the state prosecutor failed to strike a white juror with a driving or criminal record.

In short, the record before the Court simply does not support Mr. Hollis' objection to the Recommended Decision. The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the

---

[3] The same is true of the pool of alternate jurors. The state procedure is to allow peremptory challenges to the alternates from the last four jurors called. They were Jurors 88, 113, 59 and 153. *See id.* at 77. Each of them had at least a high school education: Juror # 88 (12), Juror # 153 (14), Juror # 113 (12), and Juror # 59 (13). The state prosecutor struck as an alternate Juror 88 and the defense struck Juror 153, leaving as alternates Jurors 113 and 59, *see id.* at 78, both of whom had at least a high school education.

6

Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determines that no further proceeding is necessary. The Court AFFIRMS the Recommended Decision of the Magistrate Judge (ECF No. 6).[4] The Court DENIES a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of January, 2020

---

[4] *Batson v. Kentucky*, 476 U.S. 79 (1986) is not new law. As the United States Supreme Court reiterated on June 21, 2019, the *Batson* Court "ruled that a State may not discriminate on the basis of race when exercising peremptory challenges against prospective jurors in a criminal trial." *Flowers v. Mississippi*, 139 S. Ct. 2228, 2234 (2019). It has also long been part of the fabric of criminal law in the state of Maine. *State v. Holland*, 2009 ME 72, ¶ 43, 976 A.2d 227; *Smart v. Shakespeare*, No. CV-95-39, 1997 Me. Super. LEXIS 148 (Me. Super. Ct. May 5, 1997). During oral argument in Superior Court, the Superior Court Justice noted to the Assistant District Attorney:

> The Court: I guess my only concern is that you're sort of opening yourself up to a challenge when you have a black defendant and you have a black member of the jury pool.
>
> Assistant District Attorney: I guess I wasn't thinking far ahead to that.

Tr. Mot. for J. of Acquittal at 23:16-24, *State v. Hollis* (No. CR-2016-01677) (Me. Super. Ct. Androscoggin Cty.). In its opinion, the Maine Supreme Judicial Court observed that it might have been skeptical of the proffered explanation. *Hollis*, 2018 ME 94, ¶ 14.

The Court echoes the Law Court and the Superior Court Justice. When using a peremptory challenge to strike the only African-American from a jury pool in a case where the defendant is African-American, the state prosecutor should have been cognizant of *Batson* and, before exercising the peremptory challenge, should have considered whether the explanation, namely that Juror # 71 had a one-year difference in education from other prospective jurors, would satisfy the *Batson* requirement of a facially-neutral explanation when challenged.

As the Magistrate Judge ably explained, this Court's role at this stage is limited and it does not conclude that the factual findings of the state court on this issue are objectively unreasonable.